UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff/Respondent,** )<br>)<br>v. )<br>)<br>**BRANDIE STAMPER,** )<br>)<br>**Defendant/Movant.** )<br>) | **Criminal Action No.<br>5:17-0060-KKC-MAS-2<br>and<br>Civil Action No.<br>5:19-0282-KKC-MAS** |

**REPORT & RECOMMENDATION**

Defendant Movant Brandie Stamper ("Stamper") has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [DE 106; *see also* DE 128 (Amendment)]. Stamper alleges violations of her constitutional rights, including ineffective assistance of counsel. [*Id.*]. The United States responded in opposition [DE 134], and Stamper filed a reply. [DE 144]. After reviewing the record in its entirety, the Court recommends Stamper's motion be denied.

**I.    RELEVANT FACTUAL BACKGROUND**

On May 22, 2016, Stamper appeared before the Court on a criminal indictment charging her with the possession with intent to distribute fentanyl, cocaine, and a cocaine base in violation of 18 U.S.C. § 841 (Count 2), and conspiracy to do the same under § 846 (Count 1). [DE 13; DE 1 (Indictment)]. Stamper was also charged with possession of a firearm by a convicted felon and in furtherance of a drug trafficking crime under 18 U.S.C. §§ 922 (Count 4) and 924 (Count 5). [*Id.*].

Ultimately, Stamper pleaded guilty to the charge of conspiracy and the firearm related crimes. [DE 79]. In her plea agreement with the United States, Stamper waived

her right to appeal any sentence that did not exceed the advisory sentencing guidelines. [*Id.* at Page ID # 337-38].  She also waived her right to attack collaterally the guilty plea, conviction, or sentence outside of claims of ineffective assistance of counsel.  [*Id.*].  In return, the Unite States dismissed Count 2 of the Indictment, which charged Stamper with the possession of the aforementioned narcotics with intent to distribute.  [*Id.* at Page ID # 334].  Stamper was, in total, sentenced to 180 months imprisonment followed by 5 years of supervised release.  [DE 99].

Stamper did not directly appeal her sentence.  Instead, she timely filed the present § 2255 motion.  [DE 106; DE 128].

## II.   ANALYSIS

Stamper alleges multiple grounds in support of her motion.  First, she attacks the lack of evidence surrounding her 18 U.S.C. § 924 conviction.  [DE 106, at Page ID # 436].  She also challenges her plea agreement, which she claims was entered into unconstitutionally.  [*Id.* at Page ID # 447].  Stamper also alleges two ineffective assistance of counsel claims, stating failure of counsel to "request a minor role reduction" and to "bring to the court's attention an error in the sentencing guideline calculation" prejudiced her.  [*Id.* at 437-39].

### A.   PROCEDURAL BARS

As stated, Stamper waived her right to attack her conviction "except for claims of ineffective assistance of counsel" via her plea agreement.  [DE 79, at Page ID # 337-38].  A defendant may waive any right in a plea agreement, even a constitutional right, if the waiver was made knowingly and voluntarily.  *See, e.g., United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017).  Because Stamper raises some claims unrelated to deficient

representation, those arguments would be procedurally barred.[1] The Court, however, will do a full analysis of Stamper's claims, showing that her petition also fails on the merits.

**B.  SUBSTANTIVE BARS**

To succeed on a § 2255 motion, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). As showcased below, Stamper fails to meet this standard for any of her claims.

  1.   **Arguments Against 18 U.S.C. § 924**

Stamper brings up four arguments related to the actual merits of her § 924 conviction.[2] In summary, she believes the United States failed to provide sufficient evidence to meet the burdens required for her convictions. Stamper, however, entered a guilty plea, meaning "the government was not required to prove anything because [she] admitted all of the facts essential to sustain [her] conviction." *Webster v. Streeval*, No. CV 0:19-111-HRW, 2019 WL 5848060, at *3 (E.D. Ky. Nov. 7, 2019); *United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.").

---

[1] Though Stamper argues that her plea agreement was not made knowingly or voluntarily, the Court finds that assertion is unfounded, as shown below.

[2] "(1) The district court failed to determine by a preponderance of the evidence that the defendant used or possessed the firearm in connection with that drug felony offense;
(2) Insufficient evidence to show an active employment of the firearms by the defendant, a use that makes the firearm and operative factor in relation to the predicate offense;
(3) No evidence that defendant engaged in any substantive drug crime while carrying guns and therefore her conduct was not within the scope of 924(c)(1);
(4) Facts on record do not support contention that defendant had a firearm on her person or in her clothing (waistband or pockets) or that she carried a gun in any other way during or in relation to the drug offense." [DE 106, at Page ID # 436].

To overcome this barrier, Stamper also argues that her plea agreement was not entered into knowingly or voluntarily. [DE 106, at Page ID # 448]. The record contradicts this assertion, however. District Judge Karen Caldwell took Stamper through a full plea colloquy, ensuring that she understood the agreement she was entering and the consequences of such an agreement. [DE 137, at Page ID # 588-610]. Stamper confirmed she was not threatened or coerced into entering her plea agreement and she agreed that she was "willing to plead guilty [] because [she] committed the crimes outline [within] the indictment." [*Id.* at Page ID # 592]. Judge Caldwell described the events alleged in the indictment, and Stamper agreed they accurately described her conduct. [*Id.* at Page ID # 598]. "[T]he representations of the defendant, [their] lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal" because of the "strong presumption of verity" of the statements made under oath during the plea colloquy." *Id.* at 74.

Though Stamper argues that counsel gave her inaccurate advice that led to her entering the plea, her "arguments that [she] did not know the elements of the crime [she] pleaded guilty to, or did not understand them, are in direct conflict with [her] representations to [Judge Caldwell] under oath." *See Curry v. United States*, 39 Fed. App'x 993, 994 (6th Cir. 2002) (finding that a defendant's "plea serves as an admission that he committed all of the elements of the crime."). Ultimately, "[t]he decision to plead

guilty—first, last, and always—rests with the defendant, not [her] lawyer." *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003).

Thus, the Court finds Stamper entered her plea agreement knowingly, intelligently, and voluntarily, and her initial grounds for relief are in direct conflict with said plea agreement. Accordingly, the Court recommends Stamper's claims of relief be denied on these grounds.

C. **INEFFECTIVE ASSISTANCE OF COUNSEL**

Stamper makes two separate claims of counsel deficiency: (1) counsel's failure to request a minor role reduction and (2) a failure of counsel to identify and bring to the Court's attention an error in Stamper's sentencing calculation. [DE 106, at Page ID # 437, 439].

Ineffective assistance of counsel, if proven, could constitute a constitutional error. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). To prevail on a claim of ineffective assistance of counsel, petitioner must prove (1) that their counsel's performance was deficient, and (2) that petitioner suffered prejudice due to said deficiency. *Id*. at 687. Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. A showing of prejudice requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id*. at 694-95. Petitioner must adequately fulfill both components of the analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

To reach the *Strickland* analysis, however, Stamper must present more than conclusory statements. *See Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (acknowledging that conclusory statements are insufficient to warrant habeas relief). *See also Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (holding that a "conclusory statement" without more is "wholly insufficient to raise the issue of ineffective assistance of counsel"). Thus, where Stamper has not provided any detail to support or even comprehend her claims, those claims should be dismissed. *See Johnson v. United States*, 457 Fed. App'x 462, 466-67 (6th Cir. 2012); *United States v. Domenech*, No. 1:06-CR-245-2, 2013 WL 3834366, at *2 (W.D. Mich. July 24, 2013).

Both of Stamper's ineffective assistance counsel arguments fail for lack of support. The facts supporting her first claim states only that "counsel was ineffective for failing to request a minor role reduction". [DE 106, at Page ID # 437]. While Stamper does point to a possible, hypothetical reduction of her guideline imprisonment range, she wholly fails to justify why she should have received a reduction. Though a minor role reduction may lower one's sentence, claims "stated in the form of conclusions without any allegations of facts in support thereof" are insufficient for maintaining a § 2255 claim. *Short v. United States*, 504 F.3d 63, 65 (6th Cir. 1974).[3]

Stamper's second ineffective assistance claim is only slightly more developed, stating that her sentence was based on a charge for "100 grams of fentanyl analogue" when she should have been sentenced based on a charge of "40 grams or more of fentanyl." [DE 106, at page ID # 439]. As the United States indicates, there is nothing in

---

[3] The United States also notes that, because "the sentencing judge gave Stamper the lowest possible sentence under statues that she could have received", its impossible that any minor role would have reduced her sentence, meaning Stamper's claim also fails the prejudice prong of *Strickland*. [DE 140, at Page ID # 621].

the record suggesting Stamper was sentenced for fentanyl analogue. [DE 140, at Page ID # 621]. Stamper was officially convicted of conspiracy to possess with intent to distribute 40 grams or more of fentanyl, among other things. [DE 89]. There is no mention of fentanyl analogue in her Judgment. [*Id.*]. In her reply, Stamper claims it says fentanyl analogue on her "computation sheet." [DE 144, at Page ID # 643]. The Court is unable to find any such sheet on the record, and Stamper failed to attach said sheet to her initial petition, her amended petition, or her reply to the United States' brief.[4] Moreover, a "computation sheet," whatever that document may be, bears no legal weight. Stamper's "conclusory statement" without more is "wholly insufficient to raise the issue of ineffective assistance of counsel." *Elzy*, 205 F.3d at 886.

Accordingly, the Court recommends Stamper's claims of ineffective assistance of counsel be denied.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must

---

[4] Stamper did include a copy of the United States Sentencing Guidelines Manual drug quantity calculation table, having circled the differences in sentencings for fentanyl versus fentanyl analogue. [DE 106, at Page ID # 445-46]. This does nothing to show that Stamper was actually convicted of conspiracy to distribute the latter instead of the former.

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

### III. RECOMMENDATION

For all of the reasons stated above, the Court **RECOMMENDS** that:

1. the District Court **DENY**, with prejudice, Defendant's § 2255 motion [DEs 106, 128]; and

2. the District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 24th day of January, 2020.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge