UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:17-60-KKC |
|     Plaintiff, | |
| v. | OPINION AND ORDER |
| BRANDIE M. STAMPER, | |
|     Defendant. | |

*** *** ***

This matter is before the Court on Defendant Brandie M. Stamper's fourth motion for compassionate release and her request for the appointment of counsel. (DE 183.) On April 16, 2018, Stamper pleaded guilty to (1) conspiracy to possess with intent to distribute more than 40 grams of a mixture or substance containing fentanyl, more than 28 grams of cocaine base, and more than 500 grams of a mixture or substance containing cocaine; (2) possession of a firearm by a convicted felon; and (3) possession of a firearm in furtherance of a drug trafficking crime. (DE 75.) This Court sentenced Stamper to 180 months of imprisonment on July 26, 2018. (DE 132 at 5:19-5:24.) Her projected release date is November 11, 2029.

Stamper moves the Court to modify her sentence under 18 U.S.C. § 3582(c)(1)(A) for a fourth time. (*See* DE 148; DE 156; DE 161; DE 183.) As with her other motions for compassionate release, Stamper cites to concerns about her mother's ability to care for her children while she is incarcerated. (DE 183 at 2.) For the following reasons, the Court denies Stamper's motion and her request for the appointment of counsel.

I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons

1

("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant herself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 (citation and quotation marks omitted). Here, the government does not raise any objections regarding whether Stamper has met the exhaustion requirement. Therefore, the Court will assume that Stamper exhausted her administrative remedies and that it has authority to consider her request for compassionate release.

## II.

A sentence reduction under § 3582(c)(1)(A) is possible only if the Court finds that "extraordinary and compelling reasons warrant" the sentence reduction and that such a reduction is appropriate after considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1107-08. The Court has previously denied three prior motions for compassionate release filed by Stamper. (DE 155; DE 160; DE 164.) In her prior motions, Stamper raised similar arguments regarding her mother's ability to care for her children. (*See* DE 148 at 3; DE 156 at 2-3; DE 161 at 3.) The Court continues to find that her release is not warranted for the reasons stated in the Court's prior opinions denying her compassionate release (DE 155; DE 160; DE 164) and at her

sentencing (*see* Sentencing Tr., DE 132). Without any new, additional evidence of other "extraordinary and compelling reasons," the Court cannot grant Stamper's motion.

While the Court continues to commend Stamper for her admission of wrongdoing and rehabilitative efforts, these efforts cannot overcome the other § 3553(a) factors weighing against her release. For these reasons and based on the § 3553(a) factors previously considered by this Court during Stamper's sentencing (DE 132 at 5:19-5:24), the Court maintains that Stamper's release is not warranted.

The Court will also deny Stamper's request that the Court appoint her counsel. (DE 183 at 4.) There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, Criminal Action No. 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but appointment of counsel is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, Criminal Action No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). Because the Court finds that denial of Stamper's § 3582 motion is appropriate, there is no reason to appoint her counsel.

III.

For the foregoing reasons, the Court finds that it is not appropriate to order Stamper's release at this time. The Court hereby ORDERS that Defendant Brandie M. Stamper's fourth motion for compassionate release and request for the appointment of counsel (DE 183) are DENIED.

This 19th day of January, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY